IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDDIE JORDAN, | : | |
| Plaintiff, | : | Civil Action 2:08-cv-1122 |
| v. | : | Judge Smith |
| THE OHIO STATE UNIVERSITY, | : | Magistrate Judge Abel |
| Defendant. | : | |

ORDER DISMISSING CASE

This action was filed on November 25, 2008. On March 25, 2009, the Magistrate Judge issued an order requiring Plaintiff to show cause within eleven days why this case should not be dismissed for failure to timely serve Defendant with process. Plaintiff made no response. On April 10, 2009, the Court dismissed this action pursuant to Fed. R. Civ. Pro. 4(m).

On May 7, Plaintiff filed a motion to vacate the dismissal. She stated that she had "neglected to effect timely service based on the mistaken belief that the case would settle before the service time period expired." (Doc. 7 at 1.) In her motion, she claimed:

> On April 7, 2009, Plaintiff served Defendant with a request for Waiver of the Service of Summons. Plaintiff has since received a letter refusing waiver of service by the Defendant.[1]

---

[1] On April 22, 2009, Defendant's counsel sent a letter to Plaintiff's counsel stating that, as this action had been dismissed, there was no summons to waive,

1

(*Id.* at 2.)  Defendant opposed the motion, arguing that Plaintiff had offered no excuse for her failure to effect service of process.  In support of her motion, Plaintiff then explained her failure to respond to the show cause order:

> The undersigned counsel received the Order to Show Cause during a time period when he was suffering from a chronic illness and inadvertently concluded the Order required him to issue service or a waiver of service.

(Doc. 12 at 2.)[2]  She argued further that Defendant had had actual notice of the lawsuit, and that no prejudice would accrue to Defendant by granting an extension of time to serve it.  In her reply memorandum, Plaintiff repeatedly referred to having "issued Defendant a waiver of service of summons" (Doc. 12 at 1), "served" a "waiver of service" (*Id.* at 4), "attempted to remedy the mistake of failing to cause service by issuing a waiver of summons" (*Id.*), "expected that service of the waiver prior to dismissal would result in no dismissal" (*Id.* at 5), and "served Defendant pursuant [to] Rule 4(m) on April 7, 2009" (*Id.*).  At one point, Plaintiff stated:

> Plaintiff's waiver of service was served only a short time after the 120 day time period elapsed.  Plaintiff's attempt at service did not occur a year or more after the filing of the Complaint.  The waiver was served three days before dismissal of this action and represents an attempt by

---

and that Defendant therefore would not be sending Plaintiff a waiver of summons. (Doc. 12-4.)

  [2]  The text of the Magistrate Judge's March 25, 2009 show cause order was as follows: "This case was filed on November 25, 2008.  It does not appear that service of process has been completed.  *See* Rule 4(m), F.R. Civ. Pro.  Plaintiff is **ORDERED** to show cause, within eleven (11) days of the date of Order, why the action should not be dismissed."  (Doc. 4 at 1.)  This order, by its clear terms, required Plaintiff not to "issue service or a waiver of service", but to provide it with an explanation why the Court should not take an action adverse to her interests.

2

Plaintiff to serve the Defendant before the termination of this action. (*Id.* at 4.) Plaintiff concluded by stating that her counsel "recognizes that non-compliance is unacceptable and submits that no further failures to comply with this Honorable court's orders and schedule will occur again." (*Id.* at 6.) She requested that the dismissal entry be vacated and that the time period for service be extended.

On March 12, 2010, the Court granted the motion to vacate, finding that Plaintiff had met her burden of demonstrating excusable neglect under Fed. R. Civ. Pro. 60(b)(1) and (6). It granted an extension of time to serve defendant, concluding: "Accordingly, Plaintiff has **30 DAYS FROM THE DATE OF THIS ORDER, FRIDAY, MARCH 12, 2010, TO EFFECT SERVICE OF PROCESS** pursuant to Fed. R. Civ. P. 4." (Doc. 16 at 6, emphasis in original.)

On April 1, 2010, Plaintiff filed a motion for leave to file an amended complaint. The Magistrate Judge found this to be moot, on grounds that the Defendant had never answered the original complaint, and ordered the amended complaint to be docketed. However, the Magistrate Judge cautioned Plaintiff that it did not appear that she had yet served Defendant and that the timer was still running on her thirty days to effect service. (Doc. 19 at 1-2.) On May 14, 2010, a month after the elapse of the new service deadline, the Magistrate Judge issued a second show cause order, requiring Plaintiff to show cause why this case should not be dismissed again for failure to serve Defendant.

3

On May 25, 2010, Plaintiff timely responded to the second show cause order. Her explanation, however, defies credulity. She asserted that she had a "good faith belief" that "the waiver of service served in 2009 was valid insofar as the Court vacated the dismissal and reinstated the action." (Doc. 22 at 1.) Furthermore:

> To the extent that the Court wanted Plaintiff Jordan to initiate 'new' service of process, in accordance with its order of March 12, 2010, Plaintiff Jordan misinterpreted the Court's order. Plaintiff Jordan now understands that the Court was requiring 'new' service of process be initiated within 30 days.

(*Id.* at 2.) If the Court understands Plaintiff's assertion correctly, it is that she believed that the request for waiver of service of summons which she mailed to Defendant on April 7, 2009 retroactively satisfied her obligation to effect service upon Defendant when the Court vacated the April 10, 2009 dismissal of her action. Plaintiff stated also that, in order to comply with what she characterized as the Court's requirement of "'new' service of process", she "has served a second waiver of summons on Defendant Ohio State University and is initiating regular service of process." (*Id.*) To demonstrate this, she attached an exhibit consisting of correspondence dated May 25, 2010 and addressed to Defendant's counsel. (Doc. 22-3.) This letter offers Defendant an extension of thirty days' time to complete and return the April 2009 waiver of service request form, as well as a new waiver of service of summons request form.

Plaintiff's course of conduct in this case is almost inexplicable. The service of process upon a defendant is a fundamental requirement in litigation, dating from the ancient antecedents of our legal system. *Murphy Bros., Inc. v. Michetti Pipe*

4

*Stringing, Inc.*, 526 U.S. 344, 350 (1999). Without service, a district court is without jurisdiction to render a personal judgment against a defendant. *Hutchinson v. U.S.*, 677 F.2d 1322, 1328 (6th Cir. 1982). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)". Fed. R. Civ. Pro. 4(c)(1). Service of process in the Southern District of Ohio can be effected by personally delivering a copy of the complaint and summons to the defendant or its agent (Rule 4(e)(2)(A), (C)), or by other means permitted under the law of Ohio (Rule 4(e)(1)). *See also* S. D. Ohio Civ. R. 4.2.

In 1983 Congress introduced an innovative provision which permitted the parties to forego the expense of actual service with the consent of – that is, an executed waiver of service by – the defendant. *See* 1993 Advisory Notes, Fed. R. Civ. Pro. 4. This procedure is initiated by sending a *request* for waiver to the defendant. Rule 4(d)(1). This request, however, is just that – it is not *itself* process, and the mailing of (or receipt of) a request does not constitute service. Unless and until the defendant accedes to the plaintiff's request that the formalities be waived, and returns the form saying so, it has not been served. *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999). *See also O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 354 (6th Cir. 2003). Furthermore, a defendant need not waive. Rule 4 contains both a carrot ((4)(d)(3)) and a stick ((4)(d)(2)) to encourage it to do so, but the choice whether to waive belongs to the defendant. "The rules, however, do not require the defendant to waive service at the plaintiff's request." *Mobley v. Warden, London Correctional Inst.*, 2010 WL 2246319 at \*1

(S.D. Ohio June 4, 2010). As both the federal and local rules of civil procedure contemplate, a defendant who does not waive must be served. *See* Fed. R. Civ. Pro. 4(e) (methods of service on a defendant "other than... a person whose waiver has been filed"); S. D. Ohio Civ. R. 4.2 (how to effect service "[i]f a request for waiver is unsuccessful").

What Plaintiff's counsel sent to Defendant in April 2009 was a request for waiver of summons pursuant to Rule 4(d)(1). Defendant's counsel responded by saying that there would be no waiver, because there was no longer a lawsuit. However, the Court's subsequent order vacating the dismissal of this action did not revive some obligation in Defendant to revisit – and assent to – Plaintiff's year-old request for waiver of summons, or somehow obviate Plaintiff's responsibility to serve Defendant with process. As it said, it required Plaintiff to effect service within thirty days. It did not require "new" process; Plaintiff's suit had been dismissed because there had never been process to begin with. Service of process is not a procedure to be "initiated" by the mailing of a waiver request; it is an action which, if its necessity is not voluntarily waived, must be performed.[3] Plaintiff failed to perform this action within either the 180 days originally provided for in Rule 4(m) or the thirty days mandated in the Court's order vacating the original dismissal. She has failed to demonstrate good cause for such failure, and the Court

---

[3] Some of the confusion present in this matter is indicated by Plaintiff's references to "issuing" or "serving" a waiver, rather than sending a *request* for a waiver.

cannot accept that any plausible interpretation of Rule 4 would yield "good faith reason to conclude that restoration of this action meant that the 2009 waiver constituted compliance with the order requiring service within 30 days". (Doc. 22 at 2.) Despite the fact that this lawsuit was filed nineteen months ago and that Plaintiff has had three and a half months more from the March 12, 2010 Order to effect service, there is no evidence of service to date.

Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed. R. Civ. Pro. 4(m), for failure to effect timely service of process.

/s/   George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**